Nathan S. Anderson
Barber & Borg, LLC
PO Box 30745
Albuquerque, NM 87190
*Attorney for Plaintiff*
AZ Bar No.:  0029488

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

ALBERT DONALD BEGAY, SR,

       **Plaintiff,**

    **v.**                    **No.**_____

THE UNITED STATES OF AMERICA,

       **Defendant.**

## COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT
## FOR DAMAGES CAUSED BY NEGLIGENCE

Plaintiff, Albert Donald Begay, Sr., avers for his complaint the following:

1.      Plaintiff brings this civil action for compensatory damages arising from the negligence of personnel at the Tuba City Regional Health Care Corporation ("TCRHCC") located in Tuba City, Arizona a facility operated by the United States and the Indian Health Service.

## JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT

2.      Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.*, and also pursuant to 28 U.S.C. §1331.

3.      Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

4.     The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

5.     Federal employees include, but are not limited to, employees of the Indian Health Service and the Tuba City Regional Health Care Corporation "TCRHCC".

6.     At all times material to this case defendant United States controlled, owned, and operated TCRHCC.

7.     TCRHCC provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

8.     At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff at TCRHCC, including the ability to perform surgery.

9.     Plaintiff presented to the Department of Health and Human Services in October, 2013, a timely administrative claim under the FTCA alleging negligence by federal employees at TCRHCC in the provision of medical care to plaintiff. Plaintiff's claim was acknowledged by the Department of Health and Human Services on October 21, 2013.

10.     Defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

11.     By law, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and plaintiff is then authorized to file a lawsuit against the United States.

12.     Plaintiff's federal tort claim was denied by the United States on September 15, 2014.

13.     Plaintiff has now exhausted his administrative remedies as required by the FTCA.

14.     Plaintiff is authorized by statute to file this action in the United States District Court for the District of Arizona.

15.     Plaintiff is a tribal member of the Navajo Nation. At all times material hereto, he resided in or near Tuba City, Arizona.

16.     Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

17.     In approximately late June, 2013, plaintiff stepped on cinder block causing no visible injury to his left mid-foot, but approximately 3 days later, and after bumping his foot again, plaintiff began to have intense pain and the injured area began to ooze pus.

18.     On July 5, 2013, plaintiff went to TCRHCC and was seen by Dr. Justin D. Faul.  Plaintiff's primary podiatrist at TCRHCC is Dr. Keith Goss, but Dr. Goss was unavailable during the July 5, 2013, appointment.  Dr. Faul is Dr. Goss's associate.

19.     During the July 5, 2013, no cultures were taken of any pus or other material that was oozing from plaintiff's foot.

20.     After plaintiff's July 5, 2013, appointment with Dr. Faul, he was discharged home with a prescription for an oral antibiotic, a topical antibiotic, and instructed to come back on July 11, 2013, for surgery.

21.     Dr. Faul represented to plaintiff that the surgery was "simple."

22.     When plaintiff returned on July 11, 2013, for surgery, his pre-operative and post-operative diagnosis was osteomyelitis of his left foot.   Dr. Faul, along with assistant, McQueen Suen, a resident podiatrist, performed a left Lisfranc (mid-foot) amputation, left tendon Achilles lengthening, and left tibialis anterior tendon transfer for a left 5th metatarsal osteomyelitis bone infection.   At the time of surgery, no intra-operative cultures of the wound were taken.

23.     Post-operatively, plaintiff was admitted to the hospital for antibiotics and medical management.

24.     The podiatry admission orders do not contain an order to administer plaintiff antibiotics in any form.

25.     The discharge report indicates that plaintiff was administered the antibiotic Clindamycin 300 mg by mouth every eight hours.

26.     Plaintiff was discharged from the hospital July 18, 2013, with instructions to be non-weightbearing, use crutches, and follow up the next week with Dr. Faul, and then with Dr. Goss the week after that.   Plaintiff was discharged without any prescription for an antibiotic.

27.     On July 24, 2013, plaintiff returned to TCRHCC for his first post-surgical follow up visit with Dr. Faul.   He reported 5/10 pain and denied any ambulation on the leg while at home.   During this visit, there was a noticeable smell emanating from under the dressing and the dressing had to be soaked in water in order to be removed.

28.     Once the dressing was removed, Dr. Faul noted necrotic tissue along the incision with lateral dehiscence (separation), serous drainage, dependent rubor, non-palpable pedal pulses, and edema.

29.     Plaintiff was admitted to TCRHCC but then transferred emergently to the Flagstaff Medical Center on July 24, 2013.

30.     Plaintiff was admitted to the Flagstaff Medical Center.  He had multiple areas of peri-incisional wound necrosis, a draining wound ulcer which appeared to track into a possible abscess on the dorsum of the foot, and cellulitis.  Aggressive IV therapy was instituted, wound care was ordered, and surgical consultation was commenced. Plaintiff was informed that they would proceed with the above-specified intervention, but the situation may be unsalvageable and plaintiff may end up with a below knee amputation.

31.     By July 25, 2013, plaintiff left foot became gangrenous.  He underwent a left below knee amputation.

### CAUSE OF ACTION - DUTY, NEGLIGENCE, & CAUSATION

32.     Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of this count.

33.     The United States is legally responsible for the negligent actions of its employees, including employees of TCRHCC, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

34.     The involved staff who participated in the surgery and the post-operative after care on plaintiff at TCRHCC were employees of the Indian Health Service at the time of plaintiff's surgery and post-operative after care.

35.     Those employees at TCRHCC were on the job performing job-related duties at the time of plaintiff's surgery and post-operative after care.

36.     The United States is liable for the negligent acts and omissions of TCRHCC staff in their handling of plaintiff's care while he was a patient at TCRHCC, including leading up to, during, and after his surgery on July 11, 2013.

37.     The involved staff at TCRHCC had a duty to exercise reasonable care and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

38.     The involved staff at TCRHCC breached their duty of reasonable care owed to plaintiff and is guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

a)      during the July 11, 2013, surgery negligently failing to ensure that plaintiff was administered the appropriate pre-op, intra-op, and post-op antibiotics in light of a pre-operative diagnosis of osteomyelitis;

b)      failing to adhere to the proper standards and procedures for antibiotic administration in the presence of infection;

c)      failing to take pre-operative and intra-operative cultures of plaintiff's wound;

d)      failing to adequately monitor plaintiff's surgical wounds post-operatively;

e)      failing to monitor plaintiff's post-operative wound for signs of infection;

f)      failing to inspect plaintiff's post-operative wound prior to discharge;

g)    negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine and related fields while performing or engaged in surgery, and in further particulars that at this time are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery in the course of the litigation.

39.    The negligent actions and omissions of employees of the United States in failing safely and properly to provide plaintiff with surgical and medical care at TCRHCC on and about July 11, 2013, caused injury and were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of Arizona, the place where the incident occurred, if the United States were a private individual guilty of the same negligence.

40.    At all times material hereto, plaintiff was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of TCRHCC and involved staff, dependent upon the government, the hospital, and the hospital staff for his safety and medical care.

41.    Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and safe medical care for plaintiff Begay, which gives rise to a negligence cause of action against defendant, as laid out herein.

42.    As a direct and proximate result of the negligence of defendant United States and its employees, Mr. Begay suffered serious injury and harm that included the amputation of Mr. Begay's left lower extremity.

## DAMAGES

43.     Under the FTCA and the law of the place of the wrong, the State of Arizona, plaintiff is entitled to compensatory damages for his losses, both special and general, including nature, duration, and extent of injury, past and future medical expense, loss of earning capacity, non-medical expense incidental to his injuries, emotional distress and suffering, physical pain, a loss of enjoyment of life, loss of household services, disfigurement and scarring, mental anguish, and future damages caused by the negligence of the United States. Defendant United States is liable to plaintiff for his losses and he hereby claims a right to recover all allowable damages recognized by Arizona law, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE,** plaintiff prays the court to enter judgment for him and to order that he be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as the court adjudges proper under the laws and rules that govern this case.

BARBER & BORG, LLC
P.O. Box 30745
Albuquerque, NM 87190-0745
3816 Carlisle Blvd, NE Suite C (87107)
(505) 884-0004
(505) 884-0077 (facsimile)

By_____*/s/ Nathan S. Anderson*
ATTORNEYS FOR PLAINTIFF